NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| VALBONA LAHU, on behalf of herself and those similarly situated,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>I.C. SYSTEM, INC. et al.,<br><br>　　　　　　　　Defendants. | Civil Action No.: 20-6732<br><br>**OPINION** |

**CECCHI, District Judge.**

### I. INTRODUCTION

This matter comes before the Court by way of defendant I.C. System, Inc.'s ("Defendant") motion to dismiss (ECF No. 40) plaintiff Valbona Lahu's ("Plaintiff") putative class-action complaint (ECF No. 1), pursuant to Federal Rule of Civil Procedure 12(b)(1). Plaintiff opposed Defendant's motion (ECF No. 45), and Defendant replied (ECF No. 49). The Court has considered the submissions made in support of and in opposition to the motion and decides this matter without oral argument pursuant to Fed. R. Civ. P. 78(b). For the reasons set forth below, the Court grants Defendant's motion, and the Complaint is dismissed.

### II. BACKGROUND

####    a. Factual Background[1]

This matter arises out of a debt owed by Plaintiff on a medical account, and subsequent debt collection efforts made by Defendant.

---

[1] The following facts are accepted as true for the purposes of the instant motion to dismiss.

Plaintiff alleges that on May 30, 2019, Defendant mailed Plaintiff a collection letter to recover the debt owed on Plaintiff's medical account.[2] ECF No. 1 at ¶ 19. In the top right corner of the letter, under a header labeled "Account Summary," the letter states that Plaintiff owed a debt in the amount of $50 and a collection charge of $8.50, for total balance of $58.50. ECF No. 1-1. The letter also indicated that, as of its mailing, Plaintiff had not satisfied any portion of the debt. *Id.* As no portion of the debt had been paid, Plaintiff alleges that Defendant was not entitled to charge a collection fee. ECF No. 1 at ¶¶ 25–26. Plaintiff further contends that this "false statement"—i.e., Defendant's representation that it was entitled to a collection fee—"makes the least sophisticated consumer uncertain as to the amount allegedly owned, how to properly prioritize their expenses versus their indebtedness and uncertain as to actual amount." *Id.* at ¶ 28.

In addition to information regarding how much Plaintiff purportedly owed on her debt, the letter also represented that Defendant would report Plaintiff's "account information . . . to the national credit reporting agencies in [Plaintiff's] creditor's name." ECF No. 1-1. However, according to Plaintiff, Defendant never made any such report to a credit agency, nor did it ever intend to do so. ECF No. 1 at ¶¶ 30–31.

Finally, Plaintiff alleges that Defendant's name—I.C. Systems, Inc.—was visible to the public through the glassine window of the envelope in which the debt collection letter was sent. *Id.* at ¶ 32.

### b. **Procedural Background**

On June 1, 2020, Plaintiff filed this putative class-action against Defendant and other unnamed defendants, alleging that Defendant's collection letter constitutes *per se* violations of

---

[2] As Plaintiff attached the letter to her complaint, the Court may consider its contents at the motion to dismiss stage. *Pension Ben. Guar. Corp. v. White Consol. Indus. Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

various provisions of the Fair Debt Collection Practices Act ("FDCPA"): 15 U.S.C. §§ 1692e, 1692e(2), 1692e(2)(A), 1692e(5), 1692e(10), 1692f, 1692f(1), 1692f(8), 1692g, and 1692g(a)(1). *Id.* at ¶¶ 54–55. Defendant then filed the instant motion to dismiss on March 17, 2022, arguing that Plaintiff lacked Article III standing to bring her claims. ECF No. 40. Plaintiff filed an opposition on April 14, 2022 (ECF No. 45), to which Defendant replied on May 9, 2022 (ECF No. 49).

### III. LEGAL STANDARD

#### a. Federal Rule of Civil Procedure 12(b)(1)

A court must grant a motion to dismiss under Rule 12(b)(1) if it lacks subject-matter jurisdiction over the complaint. *See In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012). "Article III of the Constitution limits the jurisdiction of federal courts to 'Cases' and 'Controversies,'" and, as a result, a plaintiff must have "standing" to sue. *Lance v. Coffman*, 549 U.S. 437, 439 (2007). Thus, a motion to dismiss for lack of standing is properly brought pursuant to Rule 12(b)(1) because standing is a matter of jurisdiction. *See Ballentine v. United States*, 486 F.3d 806, 810 (3d Cir. 2007).

"The standing inquiry . . . focuse[s] on whether the party invoking jurisdiction had the requisite stake in the outcome when the suit was filed." *Constitution Party of Pa v. Aichele*, 757 F.3d 347, 360 (3d Cir. 2014) (alterations in original) (quoting *Davis v. FEC*, 554 U.S. 724, 734 (2008)). To establish standing, a plaintiff must satisfy a three-part test, showing: "(1) an 'injury in fact,' *i.e.*, an actual or imminently threatened injury that is 'concrete and particularized' to the plaintiff; (2) causation, *i.e.*, traceability of the injury to the actions of the defendant; and (3) redressability of the injury by a favorable decision by the Court." *Nat'l Collegiate Athletic Ass'n v. Governor of N.J.*, 730 F.3d 208, 218 (3d Cir. 2013) (quoting *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009)), *abrogated on other grounds by Murphy v. Nat'l Collegiate Athletic Ass'n*,

3

138 S. Ct. 1461 (2018). "The party invoking federal jurisdiction bears the burden of establishing these elements." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992).

## IV.  DISCUSSION

Of the three components of standing, at issue here is whether Plaintiff has satisfied the injury-in-fact requirement—that is, whether her asserted injuries are "concrete." *Transunion LLC v. Ramirez*, 141 S. Ct. 2190, 2204 (2021).

Defendant moves to dismiss the Complaint on the ground that Plaintiff lacks Article III standing, as she has failed to allege any concrete or particularized injuries sufficient to confer standing. *See generally* ECF No. 40. Plaintiff opposed Defendant's motion, arguing that her Complaint has sufficiently alleged concrete intangible harms and actionable informational injuries resulting from Defendant's misleading letter and text visible through a glassine window on the letter's envelope. *See generally* ECF Nos. 1, 45. For the reasons discussed below, the Court finds Plaintiff has not established a concrete harm and thus lacks standing.

As an initial matter, the Supreme Court has held that various intangible harms may, under certain circumstances, satisfy the concrete harm requirement of Article III standing. *Id.* at 2204. Chief among such harms are those that bear "a close relationship to harms traditionally recognized as providing a basis for lawsuits in American courts." *Id.* In cases of statutory violations—as here—a court must ensure that the harm is more than just a "bare procedural violation." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016). Consequently, the Third Circuit has cautioned that the Supreme Court's recent guidance suggests a "thorough discussion of concreteness is necessary in order for a court to determine whether there has been an injury-in-fact." *Bock v. Pressler & Pressler, LLP*, 658 F. App'x 63, 65 (3d Cir. 2016) (citation omitted).

4

The Supreme Court's rulings in *Spokeo* and then *Transunion* have had important implications on the law of standing for statutory violations. For example, prior to *Spokeo*, courts in this district examining section 1692e "favor[ed] finding concrete injury under the FDCPA where violations of the statute have been alleged." *Napolitano v. Ragan & Ragan*, No. 15-cv-2732, 2017 WL 3535025, at *6 (D.N.J. Aug. 17, 2017) (collecting cases). And after *Spokeo*, FDCPA violations—even those comprised of purely informational injuries—continued to be deemed substantive, concrete injuries conferring standing rather than bare procedural violations. *See, e.g., Rock v. Greenspoon Marder, LLP,* No. 09-cv-3522, 2021 WL 248859, at *4 (D.N.J. Jan. 26, 2021) (Plaintiff's allegation that various components of debt collection letter were misleading amounted to concrete harm); *Rhee v. Client Servs., Inc.,* No. 19-cv-12253, 2020 WL 4188161, at *4 (D.N.J. July 21, 2020) (plaintiff's allegations of a false and misleading letter even without pleading actual confusion sufficient to confer standing).

*Transunion* clarified that *Spokeo* "rejected the proposition that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." 141 S. Ct. at 2205 (internal quotations omitted). Accordingly, courts analyzing intangible harms of statutory violations should "ask[] whether plaintiffs have identified a close historical or common-law analogue for their asserted injury." *Id.* at 2204. After *Transunion*, courts have therefore noted that a concrete injury requires more than just risk of harm but actual "downstream consequences" or "adverse effects." *Daye v. GC Servs. Ltd. Partnership,* No. 21-cv-7981, 2022 WL 4449381, at *3 (D.N.J. Sept. 23, 2022) (rejecting standing because plaintiff could not show concrete harm caused by FDCPA violation); *see also Davis v. Universal Protec. Servs.*, LLC, 558 F. Supp. 3d 220, 227 (E.D. Pa. 2021) ("*Transunion* raised the bar.").

Applying the lessons of *Spokeo* and *Transunion* together, courts assessing statutory injuries have recently framed the concreteness inquiry as "first, whether the alleged injury bears a close relationship to a traditionally recognized harm, and second, whether a plaintiff has pled more than mere injury-in-law." *Rohl v. Prof. Fin. Co., Inc.,* No. 21-cv-17507, 2022 WL 1748244, at *3 (D.N.J. May 31, 2022); *see also Barclift v. Keystone Credit Services, LLC*, No. 21-cv-04335, 2022 WL 444267, at *8 (E.D. Pa. Feb. 14, 2022)*; Wolkenfeld v. Portfolio Recovery Associates, LLC*, No. 22-cv-1156, 2022 WL 1124828, at *2-3 (E.D.N.Y. Apr. 14, 2022). This framework aligns with *Transunion*'s guidance that "history and tradition offer a meaningful guide to the types of cases that Article III empowers federal courts to consider," *Transunion*, 141 S. Ct. at 2204, while also acknowledging that in the Third Circuit an "injury-in-fact can be a trifle"—if concrete. *Oh v. Collecto*, *Inc.*, No. 20-cv-1937, 2021 WL 3732881, at *3 n.3 (D.N.J. Aug. 23, 2021) (citing *Cottrell v. Alcon Labs.*, 874 F.3d 154, 163 (3d Cir. 2017)).

Turning to the instant case, while Plaintiff does not attempt to equate her injury to harms "traditionally recognized as providing a basis for lawsuits in American courts," *Transunion*, 141 S. Ct. at 2204, courts in this District have found that the harm generally alleged here—that a debt collection letter containing false and misleading information causes an injury, namely confusion or uncertainty as to how to respond to the collection letter—is related to common-law fraud. *See Madlinger v. Enhanced Recovery Co., LLC*, No. 21-154, 2022 WL 2442430, at *5 (D.N.J. July 5, 2022); *Vaughan v. Fein, Such, Kahn & Shepard, P.C.*, No. 21-16013, 2022 WL 2289560, at *5 (D.N.J. Jun. 24, 2022). As such, a plaintiff must allege some form of detrimental reliance on the representations made by a defendant in a collection letter to adequately plead an injury for purposes of establishing standing. *Rohl*, 2022 WL 1748244, at *4; *see also Huber v. Simon's Agency Inc.*, No. 19-cv-1424, 2022 WL 1801497, at *4 (E.D. Pa. Jun. 2, 2022) ("Adequacy of information

harms for standing purposes therefore turns on a plaintiff's consequential action or inaction following receipt of a misleading or deceptive collection letter.").

Here, Plaintiff has failed to establish that the harms alleged in the Complaint bear a close enough relationship to common-law fraud for these harms to confer standing because she does not allege that she relied in any form on the representations made by Defendant. Specifically, Plaintiff alleges that "false" information in the collection letter regarding the amount of debt owed and Defendant's unrealized "threat[]" to report the debt to credit agencies "makes the least sophisticated consumer uncertain as to the amount allegedly owed, how to properly prioritize their expenses versus their indebtedness and uncertain as to actual amount." ECF No. 1 at ¶¶ 28–31. Nevertheless, these allegations do not demonstrate that Plaintiff experienced any confusion or uncertainty upon receipt of the letter, nor do they put forth facts that would allow the Court to infer she did. Instead, they assert that the letter harmed a hypothetical "least sophisticated consumer." *See Madlinger*, 2022 WL 2442430, at *6 (finding no standing where plaintiff alleges the least sophisticated consumer, not plaintiff, suffered the alleged harm). However, even if Plaintiff contended she had suffered the purported injury herself, allegations of confusion or uncertainty alone are insufficient to confer standing. *Vaughan*, 2022 WL 2289560, at *5 (citing *Ward v. Nat'l Patient Acct. Servs. Sols., Inc.*, 9 F.4th 357, 363 (6th Cir. 2021)); *Wolkenfeld*, 2022 WL 1124824, at *2. And, at any rate, Plaintiff fails to establish she relied on the representations in the letter, as the Complaint is devoid of allegations that she detrimentally took a course of action due to her confusion or uncertainty that ultimately caused her some harm. *Huber*, 2022 WL 1801497, at *4. As such, Plaintiff's general allegations that the least sophisticated consumer would be confused by the letter, without additional facts regarding actions or inactions taken by Plaintiff upon receipt of

the letter, cannot establish standing.[3] *See Foley v. Medicredit, Inc.*, No. 21-cv-19764, 2022 WL 3020129, at *4 (D.N.J. July 29, 2022); *Kola v. Forster & Garbus LLP*, No. 19-cv-10496, 2021 WL 4135153, at *7 (S.D.N.Y. Sept. 10, 2021).

Further, the Court notes that Plaintiff also alleges that Defendant's name was visible to the public through a glassine window on the envelope containing the debt collection letter, in violation of section 1692f(8). ECF No. 1 at ¶ 32. Insofar as Plaintiff argues that this purported violation caused an injury sufficient to establish standing, that argument is unavailing. Section 1692f(8) states, in relevant part, Defendant "may use [its] business name if such name does not indicate that [it] is in the debt collection business." 15 U.S.C. § 1692f(8). Here, Defendant's name, I.C. System, Inc., while publicly visible through the envelope, provides no indication that it is in the business of collecting debts, and thus does not constitute a statutory violation. *See Valentine v. Unifund CCR, Inc.*, No. 20-cv-5024, 2021 WL 912854, at *3 (D.N.J. Mar. 10, 2021) (finding that a debt collector-defendant was permitted to "use its name on the envelope because the name does not indicate that [defendant] is in the debt collection business"). Without alleging a violation to this provision, Plaintiff has alleged no injury, and has not established Article III standing.[4] *See Foley*

---

[3] To the extent Plaintiff argues she suffered injury sufficient for standing because, as a result of receiving the letter, "she spent time discussing the case with counsel," that argument is unavailing. Plaintiff's Complaint includes no allegations regarding any time, money, or effort expended in consulting with a lawyer. And moreover, "the burdens of bringing a lawsuit cannot be the sole basis for standing." *Cavazzini v. MRS Assocs.*, 574 F. Supp. 3d 134, 144 (E.D.N.Y. 2021).

[4] Even if Plaintiff had alleged a violation of section 1692f(8), Plaintiff's allegations would still be insufficient to establish standing. Specifically, to establish a concrete injury stemming from a violation of section 1692f(8), a plaintiff must allege the envelope displayed private information, such as personal account information. *DiNaples v. MRS BPO, LLC*, 934 F.3d 275, 279–280 (3d Cir. 2019) (noting that disclosure of information implicating privacy concerns constitutes a harm sufficient to satisfy standing's injury requirement). Here, the portion of the envelope at issue displaying Defendant's name contains no personal information, and Plaintiff has not identified other information visible on the envelope that could constitute private information or implicate privacy concerns. In short, because Plaintiff has not demonstrated how the envelope disclosed private information, she has not alleged an injury related to a violation of section 1692f(8)

*v. Mary Washington Healthcare Servs., Inc.*, No. 21-cv-239, 2021 WL 3193177, at *3 n.5 (E.D. Va. July 28, 2021).

## V.     CONCLUSION

For the reasons set forth above, Defendant's motion to dismiss (ECF No. 40) is granted and Plaintiff's complaint is dismissed without prejudice. An appropriate Order accompanies this Opinion.

**DATED**:   October 11, 2022

s/ Claire C. Cecchi
**CLAIRE C. CECCHI, U.S.D.J.**

---

sufficient to confer standing. *Nyanhongo v. Credit Collection Services*, No. 20-cv-6380, 2021 WL 1546233, at *3 (E.D. Pa. Apr. 20, 2021).